FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

2006 JAN 12  PM 12: 52

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| VINCENT LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 605-34 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed a complaint under Title 42, United States Code, Section 1983. Defendants subsequently submitted a motion to dismiss the complaint, arguing that plaintiff has not exhausted his administrative remedies. Doc. 4. Plaintiff filed a brief in response to the motion. Doc. 7. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that defendants' motion to dismiss be **GRANTED**, that plaintiff's complaint be **DISMISSED**, and that judgment be **ENTERED** in favor of defendants.

### I. BACKGROUND

In his complaint, plaintiff, an inmate at Georgia State Prison, alleges that defendants exposed him to asbestos, and thus were deliberately indifferent to his medical needs. Plaintiff concedes that, while he did file a grievance detailing the substance of his complaint,

he did not appeal the denial of his grievance to the highest level in the administrative process. Compl. at 4. In his response, plaintiff argues that prison officials failed to respond to his grievance within thirty days, and that he thus should be excused from appealing the grievance denial. Doc. 7 at 2.

## II. DISCUSSION

Under Title 42, United States Code, Section 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)). The Eleventh Circuit also has required exhaustion of an inmate's right to appeal adverse grievance decisions. Harper v. Jenkin, 179 F.3d 1311, 1311 (11th Cir. 1999).

In this case, plaintiff concedes that he did not appeal the denial of his grievance pertaining to asbestos exposure. A prison's delay in responding to a grievance does not excuse a prisoner's failure to exhaust fully his administrative remedies. See Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998) (finding that administrative remedies must be

exhausted even when such remedies are not "plain, speedy, and effective"). Plaintiff filed his initial grievance on December 16, 2004. Prison officials issued an adverse response to the grievance on April 19, 2005. Plaintiff failed to appeal the denial of his grievance. His complaint accordingly should be dismissed for failure to exhaust his administrative remedies.

## III. CONCLUSION

It appears, from the face of plaintiff's complaint, that he has not exhausted his administrative remedies in this case. For this reason, the Court **REPORTS** and **RECOMMENDS** that defendants' motion to dismiss, Doc. 4, be **GRANTED**, that plaintiff's complaint be **DISMISSED**, and that judgment be **ENTERED** in favor of defendants.

SO REPORTED and RECOMMENDED this 12th day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE